# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**GLORIA GARRARD**                                                                      **PLAINTIFF**

**VS.**                                                           **CIVIL ACTION NO. 1:09CV103-DAS**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security**                                                     **DEFENDANT**

## ORDER DENYING MOTION TO
## ALTER OR AMEND JUDGMENT

Before the court is the claimant's Motion to Alter or Amend Judgment Pursuant to FRCP 59 (# 18). By the prior oral ruling and Judgment (# 16), the court determined that the Commissioner's decision was supported by substantial evidence. The claimant now argues that the court failed to consider her alternative request for consideration of a closed end period of disability made for the first time during oral argument on June 16, 2010.

The court acknowledges that it failed to address this issue in its prior ruling. However, the court is of the opinion that the issue is not properly before the court because the claimant failed to raise it during the briefing stage of these proceedings. Nevertheless, the court has considered the merits of this issue and finds there is no need to disturb the court's prior ruling.

In support of her claim that she is entitled to a closed period of disability, October 18, 2004 to July 1, 2007, the claimant contends that her doctors kept her from working during this entire period. Among other things, the claimant points to a rotator cuff tear in October 2004; problem pregnancy in December 2004; rotator cuff surgery in August 2005; diagnosis of hip flexor tendinitis in November 2005; left hip replacement surgery in April 2006; and chemotherapy for Hepatitis C from July 2006 to July 2007. Additionally, the claimant asks the

court to take judicial notice of "the debilitating effect [of] chemotherapy" and contends that if the court did so, it would constitute a thirty-three month "closed end period."

The claimant's closed period argument is without merit. The ALJ considered all of the evidence that the claimant now proffers to the court and found that the claimant was not disabled for any period over the entire time-frame at issue in this case. And, the court has already determined that substantial evidence in the record supports the ALJ's decision. Moreover, though the claimant has shown that she did not work for at least a consecutive period of 12 months, she has failed to overcome the court's finding that substantial evidence supports the ALJ's conclusion that she was not disabled. An individual claiming disability benefits under the Social Security Act must prove that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

The claimant essentially contends that the combination of her overlapping severe and non-severe impairments rendered her disabled for a consecutive period of fifteen to thirty-three months. However, though the claimant suffered a rotator cuff injury in October 2004 and was unable to undergo surgery until August 2005 due to an intervening pregnancy, she has pointed to no objective evidence in the record supporting her claim that she was precluded from all types of work during this time period. The claimant makes reference to the fact that she suffered preeclampsia which required an induced birth. However, this did not occur until the claimant had nearly reached full term. There is no evidence that any doctor restricted the claimant from all work prior to the induction. The claimant underwent shoulder surgery in August 2005 and

2

was diagnosed with severe AVN of the left hip in December 2005. However, she was released to work again by January 2006 with full range of motion in her shoulder.[1] The claimant later underwent hip surgery in April 2006, but by May 2006 she was doing well and had *no* hip pain. Moreover, physician's notes indicate that by September 2006, the claimant was "very ambulatory" and her hip was doing "remarkably well." Finally, physician's notes consistently indicate that the claimant tolerated her Hepatitis C treatment "extremely well" from the initiation of treatment, and there is no objective evidence of functional limitations associated with treatment. Therefore, the court finds there is no reason to disturb its prior ruling, and the instant motion is hereby **DENIED**.

This, the 29th day of July, 2010.

/s/ David A. Sanders
U. S. MAGISTRATE JUDGE

---

[1] It is important to note that the same doctor who released the claimant to work on January 6, 2006, following her rotator cuff surgery, also treated her for her hip impairment. (Tr. 216).